**Priority** \
**Send** \
**Enter** \
**Closed** \
**JS-5/JS-6** \
**JS-2/JS-3** \
**Scan Only**



DOCKETED ON CM

APR 12 2007

BY _____ 053

FILED
CLERK, U.S. DISTRICT COURT

APR - 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Khemma Om, | ) Case No. **CV 07-2225-VBF(RJWx)** |
| Plaintiff, | ) **STANDING ORDER** |
| v. | ) |
| Jefferson Pilot Financial Insurance Company, et al., | ) |
| Defendants. | ) |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE AND ADDS TO THE LOCAL RULES.  COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY SERVE THIS ORDER ON ALL PARTIES, INCLUDING ANY NEW PARTIES TO THE ACTION.  IF THIS CASE WAS REMOVED FROM STATE COURT, THE DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.**

This case has been assigned to the calendar of Judge Valerie Baker Fairbank.

Both the Court and counsel bear responsibility for the progress of litigation in federal court.  To "secure the just, speedy, and inexpensive determination" of this case,



1  Fed. R. Civ. P. 1, all counsel are ordered to become familiar
2  with the Federal Rules of Civil Procedure ("Rule __") and the
3  Local Rules of the Central District of California ("Local
4  Rule __").

5      IT IS SO ORDERED:

6      1.   **Service of the Complaint**

7      The plaintiff shall promptly serve the complaint in
8  accordance with Rule 4 and file the proofs of service
9  pursuant to Local Rule 5-3.1.

10      2.   **Presence of Responsible Counsel**

11      Counsel thoroughly familiar with the case, responsible
12  for the conduct of the litigation, and who has authority to
13  enter into stipulations and other agreements shall attend any
14  proceeding before this Court, including all scheduling,
15  status and settlement conferences.  Lead counsel who will be
16  trying the case must attend the final pretrial conference(s).

17      3.   **Parties' Planning Meeting Pursuant to Rule 26(f)**

18      By no later than 21 days before the scheduling conference
19  and report of the meeting, counsel for all appearing parties
20  and all unrepresented appearing parties, if any, shall meet,
21  in person, and discuss the matters set forth in Fed. R. Civ.
22  P. 26(f)(1) - (4) as well as those items below.

23      By no later than 14 days before the scheduling
24  conference, counsel for all appearing parties and all
25  unrepresented appearing parties, if any, shall file a joint
26  **"REPORT OF PARTIES' PLANNING MEETING"** which shall (1) be so
27  labeled, (2) state the date of the Scheduling Conference set
28

1  by the Court, and (3) address not only those subjects in Rule
2  25(f)(1) - (4) but also the following:
3        a.    The basis for subject matter jurisdiction;
4        b.    Concise statement of the factual and legal basis of
5              the claims and defenses;
6        c.    Prospects of the parties exercising their right
7              under 28 U.S.C. Section 636 to consent to the
8              designation of a Magistrate Judge to conduct all
9              proceedings (including trial) and final disposition
10             pursuant to General Order 194-G.  In this regard,
11             counsel should note that they may select any
12             Magistrate Judge (i.e. counsel are not limited to
13             consenting to the Magistrate Judge assigned to this
14             case) for such purposes, as long as all parties
15             concur and the selected Magistrate Judge is
16             available.  Counsel should also note that the
17             Magistrate Judges will issue their own scheduling
18             orders, and will be able to give the parties a "date
19             certain" for trial.
20       **COUNSEL SHALL DISCUSS THIS SUBJECT SPECIFICALLY WITH**
21  **HIS/HER CLIENT**, and the parties' position on the report of
22  parties' planning meeting SHALL REFLECT THE CONSIDERED AND
23  INFORMED JUDGMENT OF THE PARTIES;
24       d.    Proposed cut-off date by which all discovery shall
25             be completed.  If the parties anticipate calling
26             expert witnesses, they shall propose a schedule for
27             compliance with Rule 26(a)(2) and the completion of
28             any discovery directed at such expert witnesses;

1     e.    Proposed dates for Final Pre-Trial Conference and

2            Trial;

3     f.    Major procedural or evidentiary problems, if any;

4     g.    Prospects of settlement and proposed (1) date and

5            (2) procedure for compliance with Local Rule 16-15

6            (formerly Local Rule 16.14 & 23);

7     h.    A realistic estimate of the number of court dates

8            required to present each side's case-in-chief;

9     i.    Whether trial is to be by jury or by the court;

10    j.    The name of the attorney(s) who will actually try

11         the case on the actual trial date

12  **11.**  **Discovery and Discovery Cut-off**

13     a.    <u>Compliance with Rule 26(a)</u>:  Unless it is likely

14 that the Court would, on motion of a party, order that any or

15 all discovery is premature, counsel should begin actively to

16 conduct discovery before the scheduling conference.  At the

17 very least, the parties shall comply fully with the letter

18 and spirit of Rule 26(a) and obtain and produce most of what

19 would otherwise be produced in the early stages of discovery.

20 At the scheduling conference, the Court will impose deadlines

21 for completion of discovery.

22     b.    <u>Discovery Motions</u>:  Counsel are expected to resolve

23 discovery disputes among themselves in a courteous,

24 reasonable, and professional manner.  All discovery matters

25 have been referred to the assigned magistrate judge, who will

26 hear all discovery disputes.  (The magistrate judge's

27 initials follow the district judge's initials next to the

28 case number.)  All discovery documents must include the words

1   "DISCOVERY MATTER" in the caption to ensure proper routing.

2   Counsel are directed to contact the magistrate judge's

3   courtroom deputy clerk to schedule matters for hearing.

4   Counsel should not deliver courtesy copies of these documents

5   to this Court.

6        In accordance with 28 U.S.C. § 636(b)(1)(A), the Court

7   will not reverse any order of the magistrate judge, including

8   one imposing sanctions, unless it has been shown that the

9   magistrate judge's order is clearly erroneous or contrary to

10  law.

11       Any party may file and serve a motion for review and

12  reconsideration before this Court.  The moving party must

13  file and serve the motion within ten days of service of a

14  written ruling or within ten days of an oral ruling that the

15  magistrate judge states will not be followed by a written

16  ruling.  The motion must specify which portions of the ruling

17  are clearly erroneous or contrary to law and support the

18  contention with points and authorities.  Counsel shall

19  deliver a conformed copy of the moving papers and responses

20  to the magistrate judge's courtroom deputy clerk at the time

21  of filing.

22       **12.  Motions - General Requirements**

23       a.   Time for Filing and Hearing Motions:  Motions shall

24  be filed in accordance with Local Rule 7.  This Court hears

25  motions on Mondays, beginning at 1:30 p.m.

26       If Monday is a national holiday, motions will be heard on

27  the next Monday.  If the motion date selected is not

28  available, the Court will issue a minute order continuing the

1    date.   Opposition or reply papers due on a holiday must be
2    filed the preceding Friday - not the following Tuesday, and
3    must be hand-delivered or faxed to opposing counsel on that
4    Friday.   Professional courtesy dictates that moving parties
5    should, whenever possible, avoid filing motions for which
6    opposition papers will be due the Friday preceding a holiday.
7    Such a filing is likely to cause a requested continuance to
8    be granted.

9         Adherence to the timing requirements is mandatory for
10   Chambers' preparation of motion matters.

11        b.   <u>Pre-filing Requirement</u>:  Counsel must comply with
12   Local Rule 7-3, which requires counsel to engage in a
13   pre-filing conference "to discuss thoroughly . . . the
14   substance of the contemplated motion and any potential
15   resolution."  Counsel should discuss the issues to a
16   sufficient degree that if a motion is still necessary, the
17   briefing may be directed to those substantive issues
18   requiring resolution by the Court.   Counsel should resolve
19   minor procedural or other non-substantive matters during the
20   conference.

21        c.   <u>Length and Format of Motion Papers</u>:  Memoranda of
22   points and authorities in support of or in opposition to
23   motions shall not exceed 25 pages.  Replies shall not exceed
24   12 pages.  Only in rare instances and for good cause shown
25   will the Court grant an application to extend these page
26   limitations.  If documentary evidence in support of or in
27   opposition to a motion exceeds 50 pages, the evidence must be
28   in a separately bound and tabbed pleading and include a Table

of Contents.   If such evidence exceeds 200 pages, the Court's
courtesy copy of all evidence shall be placed in a Slant
D-Ring binder, including a Table of Contents, with each item
of evidence separated by a tab divider on the right side.
All documents contained in the binder must be three hole
punched with the oversized 13/32" hole size, not the standard
9/32" hole size.

**Typeface shall comply with Local Rule 11-3.1.1.   N.B. if
Times New Roman font is used, the size must be no less than
14; if Courier is used, the size must be no less than 12.**

Footnotes shall be in typeface no less than one size
smaller than text size and shall be used sparingly.

Filings that do not conform to the Local Rules and this
Order will not be considered.

d.   <u>Citations to Case Law</u>:  Citations to case law must
identify not only the case being cited, but the specific page
being referenced.

e.   <u>Citations to Other Sources</u>:  Statutory references
should identify with specificity the sections and subsections
referenced (e.g., Jurisdiction over this cause of action may
appropriately be found in 47 U.S.C. §33, which grants the
district courts jurisdiction over all offenses of the
Submarine Cable Act, whether the infraction occurred within
the territorial waters of the United States or on board a
vessel of the United States outside said waters).  Statutory
references that do not specifically indicate the appropriate
section and subsection (e.g., Plaintiffs allege conduct in
violation of the Federal Electronic Communication Privacy

1  Act, 18 U.S.C. §2511, et seq.) are to be avoided.  Citations

2  to treatises, manuals, and other materials should similarly

3  include the volume, section, and pages being referenced.

4      f.   <u>Oral Argument</u>: If the Court deems a matter

5  appropriate for decision without oral argument, the Court

6  will notify the parties in advance.

7      g.   <u>Calendar Conflicts</u>:  Counsel are to inform opposing

8  counsel and the courtroom deputy clerk as soon as a potential

9  calendar conflict is discovered.  Counsel should attempt to

10 agree on a proposed date to accommodate the calendar conflict

11 and the schedules of the counsel and the Court.

12     h.   <u>Telephone Inquiries</u>:  Telephone inquiries regarding

13 the status of a motion, stipulation or proposed order will

14 receive no response.  Counsel may register for Pacer access

15 to monitor the Court's database.  See www.cacd.uscourts.gov >

16 General Information > Pacer Access.  Counsel are referred to

17 the Court's website at www.cacd.uscourts.gov > Judges'

18 Procedures and Schedules > Hon. Valerie Baker Fairbank for

19 further information regarding procedures and preferences.

20     9.   **Specific Motion Requirements**

21     a.   <u>Motions Pursuant to Rule 12</u>:  Many motions to

22 dismiss or to strike can be avoided if the parties confer in

23 good faith (as required under Local Rule 7-3), especially for

24 perceived defects in a complaint, answer or counterclaim that

25 could be corrected by amendment.  See Chang v. Chen, 80 F.3d

26 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is

27 granted, a district court should provide leave to amend

28 unless it is clear that the complaint could not be saved by

1 | any amendment).  Moreover, a party has the right to amend the
2 | complaint "once as a matter of course at any time before a
3 | responsive pleading is served."  Fed. R. Civ. P. 15(a).  A
4 | Rule 12(b)(6) motion is not a responsive pleading and
5 | therefore plaintiff might have a right to amend.  See St.
6 | Michael's Convalescent Hospital v. California, 643 F.2d 1369,
7 | 1374 (9th Cir. 1981); Nolen v. Fitzharris, 450 F.2d 958-959
8 | (9th Cir. 1971).  Even after a complaint has been amended or
9 | a responsive pleading has been served, the Federal Rules
10 | provide that leave to amend should be "Freely given when
11 | justice so requires."  Fed. R. Civ. P. 15(a).  See also
12 | Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079
13 | (9th Cir. 1990).

14 | These principles require that plaintiff's counsel should
15 | carefully evaluate defendant's contentions as to the
16 | deficiencies in the complaint.  In many instances the moving
17 | party should agree to any amendment that would cure the
18 | defect.

19 | In the unlikely event that motions under Rule 12 are
20 | filed after the scheduling conference, the moving party shall
21 | attach a copy of the challenged pleading to the memorandum of
22 | points and authorities in support of the motion.

23 | These provisions apply as well to motions to dismiss a
24 | counterclaim, answer, or affirmative defense.

25 | b.  Motions to Amend:  In addition to the requirements
26 | of Local Rule 15-1, all motions to amend pleadings shall: (1)
27 | state the effect of the amendment; (2) be serially numbered
28 | to differentiate the amendment from previous amendments; and

9

1  (3) state the page and line number(s) and wording of any

2  proposed change or addition of material.

3      The parties shall deliver to Chambers a "redlined"

4  version of the proposed amended pleading indicating all

5  additions and deletions of material.

6      c.   <u>Motions for Summary Judgment</u>:  Parties should not

7  wait until the motion cut-off to bring motions for summary

8  judgment or partial summary judgment.  The Court expects that

9  the moving party will provide substantially more than the

10  required 21 days written notice.  Because summary judgment

11  motions are fact-dependent, parties should prepare papers in

12  a fashion that will assist the Court (e.g., generous use of

13  tabs, tables of contents, headings, indices, etc.).  The

14  parties are to comply precisely with Local Rule 56-1 through

15  56-4.  For more detailed orders and instructions pertaining

16  to motions for summary judgment and oppositions thereto, see

17  Judge Fairbank's "Scheduling and Case Management Order."

18      **10.  Proposed Orders**

19  Each party filing or opposing a motion or seeking the

20  determination of any matter shall serve and lodge a Proposed

21  Order setting forth the relief or action sought and a brief

22  statement of the rationale for the decision with appropriate

23  citations.  If the Proposed Order exceeds two pages, the

24  proposing party shall also submit the document on a diskette

25  in Word or Wordperfect format (compatible with 9.0 or

26  higher).

27  //

28  //

11. **Telephonic Hearings**

The Court believes it is productive for counsel to appear personally at motions, scheduling conferences, etc. Therefore, it is unlikely that the Court would agree to conduct such matters by telephone in the absence of an emergency, illness or other urgent circumstance preventing counsel from appearing in person.  The attorney requesting the telephonic hearing must contact all parties involved and the courtroom deputy clerk at the earliest possible time before the date scheduled for the motion or conference to seek the Court's permission to appear by telephone and to make the necessary arrangements.  The Court may choose instead to continue the hearing.

12. **Ex Parte Applications**

Ex parte applications are solely for extraordinary relief and are rarely justified.  See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995).  Applications must be filed in the Clerk's office. Applications that fail to conform to Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered.  In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the opposing party by facsimile transmission or personal service and shall notify the opposition that opposing papers must be filed no later than twenty-four hours (or one court day) following such facsimile or personal service.  If opposing counsel does not intend to oppose the ex parte application, counsel must advise the courtroom clerk by telephone.  A

11

1  conformed courtesy copy of moving, opposition, or notice of
2  non-opposition papers are to be immediately hand-delivered to
3  the courtesy box outside the entrance to Judge Fairbank's
4  Chambers which is located at the end of the hallway to the
5  right of the courtroom.   The Court considers ex parte
6  applications on the papers and usually does not set these
7  matters for hearing.   The courtroom deputy clerk will notify
8  counsel of the Court's ruling or a hearing date and time, if
9  the Court determines a hearing is necessary.

10          13.   **Applications or Stipulations to Extend the Time to**
11                **File Any Required Document or to Continue Any Date**

12       No stipulation extending time to file any required
13  document or to continue any date is effective until and
14  unless the Court approves it.   Both applications and
15  stipulations must set forth:

16       a.   The existing due date or hearing date, the discovery
17  cut-off date, the last day for hearing motions, the pretrial
18  conference date and trial date;

19       b.   Specific reasons (contained in a detailed
20  declaration) supporting good cause for granting the extension
21  or continuance; and

22       c.   Whether there have been prior requests for
23  extensions, and whether these requests were granted or denied
24  by the Court.

25       The request shall be made before the date to be
26  continued.

27  //

28  //

12

1  **14.  TROs and Injunctions**

2      Parties seeking emergency or provisional relief shall

3  comply with Rule 65 of the Fed. R. Civ. P. and Local Rule 65.

4  The Court generally will not rule on any application for such

5  relief for at least twenty-four hours after the party subject

6  to the requested order has been served; such party may file

7  opposing or responding papers in the interim.  The parties

8  shall deposit conformed courtesy copies of all papers

9  relating to TROs and injunctions in the drop box tray in the

10 entrance way to the Chambers of Judge Fairbank.

11     **15.  Cases Removed From State Court**

12 All documents filed in state court, including documents

13 appended to the complaint, answers and motions, must be

14 refiled in this Court as a supplement to the notice of

15 removal, if not already included.  See 28 U.S.C. § 1447(a)

16 and (b).  If the defendant has not yet answered or moved, the

17 answer or responsive pleading filed in this Court must comply

18 with the Federal Rules of Civil Procedure and the Local Rules

19 of the Central District.  If, before the case was removed, a

20 motion was pending in state court, it must be re-noticed in

21 accordance with Local Rule 7.

22     If an action removed to this Court contains a "form

23 pleading", i.e. a pleading in which boxes are checked, the

24 party or parties that filed the form pleading must file an

25 appropriate pleading with this Court within 30 days of

26 receipt of the notice of removal.  This pleading must comply

27 with the requirements of Rules 7, 7.1, 8, 9, 10, and 11.

28 //

13

1  **16.  <u>Status of Fictitiously Named Defendants</u>**

2      This Court adheres to the following procedures when a

3  matter is removed to this Court on diversity grounds with

4  fictitiously named defendants referred to in the complaint.

5  See 28 U.S.C. §§ 1441(a) and 1447.

6      a.  Plaintiff shall ascertain the identity of and serve

7  any fictitiously named defendants before the date of the Rule

8  16(b) scheduling conference.  The Court generally will

9  dismiss Doe defendants on the date of the scheduling

10 conference, as they prevent the Court from accurately

11 tracking its cases.

12     b.  If plaintiff believes (by reason of the necessity

13 for discovery or otherwise) that fictitiously named

14 defendants cannot be fully identified within that period, a

15 request to extend the time should be made at the scheduling

16 conference.  If plaintiff believes (by reason of the

17 necessity for discovery or otherwise) that fictitiously named

18 defendants cannot be fully identified within the 120 day

19 period, an ex parte application requesting permission to

20 extend the period to effectuate service may be filed with the

21 Court.  Such application shall state the reasons therefore,

22 and may be granted upon a showing of good cause.  The ex

23 parte application shall be served upon all appearing parties,

24 and shall state that appearing parties may respond within

25 seven calendar days of the filing of the ex parte

26 application.  Counsel should be prepared to state the reasons

27 why fictitiously named defendants have not been identified

28 and served.

1    c.   If a plaintiff wants to substitute a named defendant

2  for one of the fictitiously named defendants, plaintiff shall

3  seek the consent of counsel for all defendants (and counsel

4  for the fictitiously named party, if that party has separate

5  named counsel).   If consent is withheld or denied, plaintiff

6  may apply ex parte to file an amended complaint (a separate

7  "amendment to complaint" is not permitted), with notice to

8  all appearing parties.   Each party shall have seven calendar

9  days to respond.   The ex parte application and any response

10  should comment on whether the matter should thereafter be

11  remanded to the superior court if diversity of citizenship is

12  destroyed by the addition of the newly substituted party.

13  See 28 U.S.C. § 1447(c) and (e).

14      **17.  ERISA Cases Concerning Benefit Claims**

15      The Court will hear motions to determine the standard of

16  review and the scope of the administrative record.   There

17  will be a court trial (usually confined to oral argument) on

18  the administrative record.   Counsel filing motions for

19  summary judgment or partial summary judgment on any other

20  issue must distinguish Kearney v. Standard Insurance Co., 175

21  F.3d 1084 (9th Cir. 1999) in the moving papers and explain

22  why summary judgment is not precluded.

23      **18.  Bankruptcy Appeals**

24      Counsel shall comply with the NOTICE REGARDING APPEAL

25  FROM BANKRUPTCY COURT issued at the time the appeal is filed

26  in the District Court.   The Court will determine whether oral

27  argument will be held.

28  //

**19.   Communications with Chambers**

Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other ex parte means. Counsel may contact the courtroom deputy clerk with appropriate inquiries.  To facilitate communication with the courtroom deputy clerk, counsel should list their e-mail addresses and their facsimile transmission numbers along with their telephone numbers on all papers.

**20.   Courtesy Copies**

A conformed courtesy copy (clearly marked "courtesy copy") of all documents filed or lodged with the Court shall be delivered to the courtesy box outside the entrance to Judge Fairbank's Chambers which is located at the end of the hallway, to the right of the courtroom..  For security reasons, documents should be removed from envelopes.

**21.   Compliance with Local Rules and Standing Orders**

At all stages of the proceedings, the parties and counsel are expected to comply with the Local Rules and this Court's standing orders.  Before the scheduling conference counsel shall review the Central District's Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information > Attorney Admissions"), which shall be the standard of conduct to which they will be expected to adhere.

**22.   Notice of this Order**

Counsel for the plaintiff shall immediately serve this Order on all parties, including any new parties to the

1  action.   If this case came to Court by noticed removal,

2  defendant shall serve this Order on all other parties.

3

4  DATED: April 4, 2007

5                                       *Valerie Baker Fairbank*

6                                    _____
                                        VALERIE BAKER FAIRBANK
                                     UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28